UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NATHAN BURROW,** : | |
| Plaintiff : | CIVIL ACTION NO. 1:21-342 |
| v. : | (JUDGE MANNION) |
| **KILOLO KIJAKAZI,** : | |
| **Acting Commissioner of** | |
| **Social Security**[1], : | |
| Defendant : | |

## MEMORANDUM

Pending before the court is the report of United States Magistrate Judge Peter E. Ormsby which recommends that the decision of the Commissioner denying the plaintiff's claim for disability insurance benefits ("DIB") be affirmed. (Doc. 28). The plaintiff has filed objections to the report. (Doc. 29). Upon review of the record, the plaintiff's objections will be overruled and the report and recommendation will be adopted in its entirety.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of

---

[1] Kilolo Kijakazi became the Commissioner of Social Security effective July 9, 2021, to succeed Andrew Saul. Under Fed.R.Civ.P. 25(d)(1) and 42 U.S.C. §405(g), Kilolo Kijakazi is automatically substituted as the defendant in this action.

the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also *Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

By way of relevant background, on April 12, 2018, the plaintiff filed for DIB under Title II of the Social Security Act ("SSA") alleging he became disabled on September 24, 2014, due to Post Traumatic Stress Disorder –

Combat related, and back problems, including lumbar degenerative disk disease, spondylolysis, and radiculopathy, which he suffered while serving with the military in Iraq from 2007 to 2009. The plaintiff's application was denied initially and upon reconsideration. Ultimately, a hearing was held before an administrative law judge ("ALJ"), who determined that the plaintiff had not been disabled at any time since his alleged onset date. The plaintiff's request for review was denied by the Appeals Council. On February 25, 2021, the plaintiff filed the instant appeal which was assigned to the undersigned and referred to Judge Ormsby.

In his appeal, the plaintiff argues, among other things, that: (1) the ALJ failed to address the opinion of Dr. Dina Lim, a U.S. Department of Veterans Affairs ("VA") psychiatrist; (2) the ALJ failed to meet his heightened duty to develop the hearing record that applies in the case of an unrepresented plaintiff; and (3) the ALJ erred in finding that the plaintiff's statements about his symptoms were inconsistent with the other evidence of record. In a very thorough fifty-six (56) page opinion, Judge Ormsby carefully considered each of the plaintiff's arguments, but given the highly deferential standard of review in these cases, ultimately determined that the Commissioner applied the correct legal standards and the decision to deny plaintiff DIB benefits was supported by substantial evidence.

The same arguments which the plaintiff raises in support of his appeal are now raised as the bases for his objections to Judge Ormsby's report and recommendation. The totality of the plaintiff's objections span less than two and one-half pages with one or two short paragraphs provided to address each of his three objections. As to the first objection, the plaintiff objects to Judge Ormsby's finding that Dr. Lim's VA report was not a medical opinion entitled to specific consideration by the Commissioner. Despite the plaintiff's objection, the court has reviewed the report of Judge Ormsby and finds that it adequately addresses why Dr. Lim's report was not a medical opinion in the context of Social Security disability analysis.[2] In this regard, the revised Social Security regulations define a "medical opinion" as having two components: (1) what the plaintiff can still do despite his impairments; and (2) whether he has one or more impairment-related limitations in his ability to perform mental demands of work activities. See 20 C.F.R. §404.1513(a)(2)(ii). Although Dr. Lim's report identifies impairment-related limitations, the report does not discuss the extent of those limitations or what the plaintiff can do despite his impairments. While courts have split on whether VA reports such as Dr. Lim's constitute medical opinions, a majority

---

[2] As noted by Judge Ormsby, Dr. Lim's report was a medical opinion as that term is used in the VA's disability determination process. However, the term is defined differently in the Social Security context.

- 4 -

considering the issue have found them not to be medical opinions where they do not conform with a plain reading of the revised regulations. As discussed, Dr. Lim's report did not. The court finds no reason to belabor the matter and adopts the report of Judge Ormsby in its entirety in this respect.

The plaintiff next objects to Judge Ormsby's finding that the ALJ fully and adequately developed the record for the plaintiff, who was unrepresented at the hearing. Specifically, plaintiff argues that, even if Dr. Lim's report was not a medical opinion, the ALJ was obligated to more fully question the vocational expert about information in the report. Judge Ormsby discussed at length the burden of the plaintiff in establishing his case, as well as the responsibilities of the ALJ when a plaintiff is unrepresented. While "the ALJ must 'scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts' where a plaintiff is unrepresented, it is "[o]nly if the evidence before the Commissioner is insufficient [that] the ALJ [has] the duty to attempt to obtain additional evidence to determine whether a claimant is disabled." (Doc. 28, pp. 46, 47) (citations omitted). Judge Ormsby outlined the significant evidence considered by the ALJ, including "over 1000 pages of medical records; three physical RFC opinions; three mental RFC opinions (not including Dr. Lim's VA assessment); three function reports from Burrow and his wife; and hearing testimony from Burrow, his wife, and the

vocational expert. In addition, Burrow submitted an eight-page, single-spaced, typewritten pre-hearing letter brief." (Doc. 28, pp. 47-48). As discussed by Judge Ormsby, nothing in the plaintiff's argument demonstrates that the ALJ's questioning of the vocational expert was so deficient that the record was not fully and fairly developed as it stands, and further, the plaintiff has failed to demonstrate that any of the questions which he proposes should have been asked by the ALJ would have been necessary to correct any inadequacy in the record.

In this same objection, plaintiff argues that the ALJ erred in not obtaining the report of Dr. Davidson which was referenced in a sentence in the report of Dr. Lim. As noted by Judge Ormsby, the plaintiff's substantive arguments focused on the opinion of Dr. Lim. Moreover, the reference to Dr. Davidson in the report of Dr. Lim was the only evidence in the record as to Dr. Davidson. The plaintiff made no attempt to rely on Dr. Davidson's opinion or to include any of his treatment notes or assessments in the record. The court finds no error in this regard.

Finally, the plaintiff objects to the finding that his daily activities were inconsistent with Dr. Lim's limitations. In this regard, as discussed by Judge Ormsby, in considering plaintiff's subjective complaints, the ALJ applied the correct standard. He identified plaintiff's complaints about his symptoms and

activities of daily living. Keeping those complaints in mind, the ALJ considered the objective medical evidence of record relating to the plaintiff's impairments including, but not limited to, the opinions from six different medical sources. The ALJ concluded that the plaintiff's complaints were not entirely consistent with the medical and other evidence of record. The ALJ's finding is supported by substantial evidence, and the court finds no clear error with Judge Ormsby's affirmation of that finding.

In light of all of the foregoing, the plaintiff's objections to Judge Ormsby's report and recommendation will be overruled and the report and recommendation will be adopted in its entirety as the opinion of the court. An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: December 5, 2022**
21-342-01